# Spring, Appellant, *v.* Pittsburg.

*Municipalities—Dedication of land for square—Condition.*

No particular formality is required to constitute a dedication of land for a public use. Any act or declaration which clearly expresses an intent to dedicate will amount to a dedication if accepted by or on behalf of the public.

Land adjacent to a city was laid out in streets by commissioners appointed by the court of quarter sessions. A block of ground was laid out as a public square and shown as such by the plan filed by the commissioners. The owner of this block consented that it should be appropriated as a free gift to the city, but on condition that the square should be accepted by the city and appropriately cared for as such. The city, however, did not assume possession and control of the square, but for thirty years permitted it to remain in the owner's possession and control. During this period she paid a large amount of taxes and cost of street improvements to the city. At the end of the period the owner requested the city to take the square and to repay her for the amounts which she had paid for taxes and street improvements during the period which had elapsed since the date of the original dedication. The city thereupon accepted and assumed possession of the square for the uses for which it was dedicated, and the owner was reimbursed for her expenditures. About a year thereafter the owner executed a deed to the city for the square, containing a condition that within the period of ten years the city should cause the said square to be enclosed, and improved as a public square. This deed was delivered to the city controller. The condition was not fulfilled, and the heirs of the owner brought an ejectment against the city for the square. *Held,* that the deed and the condition which it contained was of no effect, inasmuch as the transaction was completed when the dedication was accepted by councils.

Argued Nov. 3, 1902.   Appeal, No. 110, Oct. T., 1902, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., July T., 1900, No. 341, on verdict for defendant in case of Mary O'H. Spring, et al. v. City of Pittsburg.   Before MITCH-ELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for a public square in the city of Pittsburg.   Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.   Plaintiffs appealed.

*Error assigned* was in giving binding instructions for the defendant.

*Edwin W. Smith*, with him *Charles S. Crawford, J. H. Reed, George E. Shaw* and *J. H. Beal*, for appellants.—Parties and privies to a deed are estopped from denying its recitals: City of St. Louis v. Wiggins Ferry Company, 15 Mo. App. 227.

It is a well known principle of law that a deed delivered is a merger of all preliminary agreements relating to the subject-matter: Wodock v. Robinson, 148 Pa. 503; Madore's App., 129 Pa. 15.

The city's possession being under the deed, it is presumed to have knowledge of all the terms and conditions of the deed and is bound thereby: Parker v. Lincoln, 12 Mass. 16; Clarke v. Inhabitants of Brookfield, 81 Mo. 503.

Where the dedication is on condition, the terms of the dedication must be complied with and the public take it subject thereto: Boughner v. Clarksburg, 15 W. Va. 394; St. Louis v. Meier, 77 Mo. 13; Clarke v. Inhabitants of Brookfield, 81 Mo. 503.

*W. A. Blakely*, with him *T. D. Carnahan*, for appellee.— In dealing with the agents of a municipal corporation, a person has no right to presume that they are acting within the line of their duty, but he must ascertain the nature and extent of their authority: Rissing v. Fort Wayne, 137 Ind. 427 (37 N. E. Repr. 328); McDonald v. New York, 68 N. Y. 23; Ecroyd v. Coggeshall, 21 R. I. 1 (41 Atl. Repr. 260).

There was an absolute and unconditional dedication of Snyder Square to public use by the confirmation of the city district plan, the consent of Elizabeth F. Denny thereto, and the subsequent sale of lots in accordance with said plan and in accordance with the Springfield plan which was identical therewith, said sale having been made prior to 1873: Quicksall v. Philadelphia, 177 Pa. 301; Abbott v. Cottage City, 143 Mass. 521 (10 N. E. Repr. 325); Maywood Co. v. Maywood, 118 Ill. 61 (6 N. E. Repr. 866); Com. v. Alburger, 1 Whart. 469; Pittsburg v. Epping-Carpenter Co., 194 Pa. 318; Com. v. Moorehead, 118 Pa. 344; Grogan v. Hayward, 4 Fed. Repr. 161; Abbott v. Mills, 3 Vt. 521.

OPINION BY MR. JUSTICE POTTER, January 5, 1903:

On June 9, 1873, Mrs. Elizabeth F. Denny presented a petition to the common council of the city of Pittsburg. In this petition she set forth that the commissioners, who were appointed by the court of quarter sessions of Allegheny county, under the act of assembly of June 16, 1836, to lay out and report a plan of the territory adjacent to the then city of Pittsburg, and known as the city district, did in their plan and report made to the court, reserve out of her land a block of ground between Twenty-ninth and Thirtieth streets, to be appropriated and used as a public square under the name of Snyder Square. This plan and report were finally approved on October 19, 1843.

Mrs. Denny further states in her petition that she was satisfied, and consented at the time, to the said appropriation as a free gift to her native city, for the use, benefit and comfort of its inhabitants; but that this consent was given on the condition that the public square should be accepted by the city and appropriately cared for as such.

But for a period of some thirty years the city had not assumed possession and control of said square, but had permitted it to remain in her possession and control. During that period she had paid to the city in taxes and for the cost of street improvements, a sum aggregating $14,693.45. She therefore desired the city to say definitely whether or not it would accept this gift of land proffered so long before, and assume the obligation of putting and keeping it in good shape and condition.

This petition was referred to the committee on city property, who afterwards reported that at a conference with the agent of Mrs. Denny, terms were agreed upon as contained in a preamble and resolution, whose adoption they recommended, and which was duly passed by both branches of city councils upon June 30, 1873. The preamble recites the facts as set forth in the petition of Mrs. Denny, and recognize her desire that the city take possession of said square and appropriate it to the uses for which it was dedicated. It also refers to her desire to be reimbursed for the payments made by her for taxes and street improvements during the period which had elapsed since the date of the original dedication.

By the terms of the resolution, the city accepts and assumes possession of said Snyder Square for the uses and purposes for which it was laid out and dedicated, and the controller is directed to issue a certificate for a warrant in favor of Elizabeth F. Denny, for the sum of $14,693.45.

The effect of this transaction was to place the city and Mrs. Denny in the same position as though the ground had been accepted at the date of the original dedication, and had been held for public use during the intervening time. It was only upon this basis, that she could rightfully ask to be reimbursed for the amount paid out by her for taxes and street improvements.

It might well be held that this was all in affirmance of the original intent to dedicate at the time of the confirmation of the city district plan. Certainly if there had been an acceptance at that time by the city, Mrs. Denny would have been precluded from afterwards asserting any right incompatible with the purpose of the dedication. Be that as it may, whether the petition to councils in 1873, be considered as a new dedication, or simply as an affirmance of the prior offer to dedicate, we think that the terms and conditions of the acceptance are such, and such only as are set out in the resolution of the city councils. The dedication was completed when it was accepted upon behalf of the public by the city councils. No particular formality is required to constitute a dedication. Any act or declaration which clearly expresses an intent to dedicate, will amount to a dedication if accepted by or on behalf of the public.

Nearly one year after this action by the city councils accept-

ing the dedication, and assuming possession of Snyder Square, Mrs. Denny executed a deed to the city of Pittsburg for the said square, containing a condition that within the period of ten years the city should cause the said square to be inclosed, and improved as a public square.

The contention of the plantiffs is, that all the conditions of this deed are binding upon the city, and by reason of a breach of the conditions, the land has reverted to them. This deed was delivered to the city controller by the agent of Mrs. Denny, when he received the money appropriated to her, under the terms of the resolution of city councils, in reimbursement of the payment of taxes and street improvements. Why the deed was given to the controller does not appear. It would seem that it ought to have gone to the city solicitor, as the duty of examination and approving the deed would require technical knowledge of conveyancing, and therefore it should have been performed by the law officer of the city. But whether accepted by the controller or by the city solicitor, the duty performed in receiving the deed would be purely ministerial and administrative. The power of city councils to accept the dedication of land for public purposes, and to fix the conditions of acceptance, was not delegated to the city controller. Mrs. Denny was bound to know this, for the rule is well established that individuals, as well as courts, must take notice of the extent of the authority conferred by law upon a person acting in an official capacity.

The trial judge held that the deed was of no effect in this case. As stated by him in the charge, the transaction in his view was completed when the dedication was accepted by councils. He further points out that neither in preamble nor resolution is there any mention of these conditions, or of any time at which they are to be performed, and that the controller would have no power to bind the city or to accept the deed with such conditions.

Under this view, there was nothing left in the case to support the claim of the plaintiffs that the title had reverted to them. It does not follow, however, that the city has any right to disregard the purposes for which this land was dedicated to public use. If the authorities are derelict in the performance of their duty in this respect, there are appropriate remedies which may be followed. It is enough for the purposes of this

case to say that the conclusion reached by the court below was right.

The specifications of error are overruled and the judgment is now affirmed.