## Commonwealth ex rel. v. The First National Bank of Danville et al.

*Claude T. Reno, Fred C. Morgan,* and *Michael Kivko,* for plaintiff.

*L. G. Rarig, J. Manley Robbins,* and *C. W. Kreisher,* for defendants.

KREISHER, P. J., March 18, 1941.—On January 21, 1928, the Washingtonville Presbyterian Church, a corporation in Montour County, executed and delivered to Frank E. DeLong, of the City of Philadelphia, Pa., a deed for a tract of land situate in the Borough of Washingtonville, Montour County, Pa., described and designated in said deed as "parts of lots numbered 69, 70, 71, and 72 upon the general plan of the Borough of Washingtonville." In said deed the following appears:

"Whereas, the Congregation of said Church is unable to maintain services at regular stated intervals;

"And Whereas, the said Frank E. DeLong is desirous of establishing a community center in the Borough of Washingtonville, Montour County, Pennsylvania, in memory of his deceased mother, Jane E. DeLong, for the sole purpose of affording and providing opportunities

and facilities for the recreational, physical, intellectual and moral advancement of the young people of said borough and the territory adjacent thereto;

"And Whereas, the Congregation of said Church is desirous of co-operating with the said Frank E. DeLong in his proposed benefaction and memorial; provided, it may, at such time during its existence as may be convenient and agreeable to the said Frank E. DeLong, hold its religious service in the building erected on the premises hereinafter conveyed;

"And Whereas, in furtherance of said benefaction and memorial the said Frank E. DeLong has offered and agreed to purchase the Church property of the said Washingtonville Presbyterian Church for the price or sum of Five Hundred Dollars, for the purposes aforesaid;

"And Whereas, the congregation of the said Washingtonville Presbyterian Church at a meeting duly called and convened on December 19th, 1927, it was unanimously resolved that the offer of the said Frank E. DeLong to purchase the premises now belonging to the said Congregation in the Borough of Washingtonville aforesaid for the price or sum of Five Hundred Dollars be accepted and that the President and Secretary of the said Presbyterian Church execute and deliver to the said Frank E. DeLong a good and sufficient fee simple deed therefor upon receipt of the purchase price:—

"Now This Indenture Witnesseth, that the said party of the first part, for and in consideration of the following:—

"(a) The sum of Five Hundred Dollars, lawful money of the United States of America, well and truly paid by the said party of the second part, to the said party of the first part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged;

"(b) To alter, change, repair, add to, remodel and maintain the building, or buildings, on the premises hereby conveyed, or hereafter erected thereon, so as to

be and remain most suitable for a Community Center as aforesaid for the purposes aforesaid; and

"(c) To allow and permit the Congregation of said Church to use and occupy the building, or buildings, on said premises as a place of religious worship at such time, or times, as may be mutually agreed upon by and between the parties hereto; and when so used by said Congregation, it shall pay for the janitor services incident to such use. . . ."

In the bill of complaint filed in this case the twelfth paragraph thereof sets forth:

"12. That immediately after purchasing said property the said Frank E. DeLong remodelled the church building thereon, created and equipped a library and museum on the first or basement floor and an auditorium on the second or main floor thereof, and otherwise altered, repaired and added to said building so as to make it suitable for a Community Center."

The fourteenth paragraph of said bill sets forth:

"14. That on or about the 11th day of November, 1928, the said Frank E. DeLong placed a bronze tablet in the hallway of said building, which reads as follows:

" 'This building was originally erected by the Washingtonville Presbyterian Congregation, which was organized November 9th, 1854, and voluntarily disbanded December 19, 1927. It was purchased and remodeled by Frank Emerson DeLong, who, on November 11, 1928, donated and dedicated it to the Borough of Washingtonville, for the purpose of providing opportunities and facilities for the moral and recreational welfare of the young people of the Borough and outlying community. This Institution is a memorial to his Mother, Jane Emerson DeLong, who was born in Sunderland, England, in 1831, and died in Washingtonville, Pennsylvania, in 1920'."

The thirteenth paragraph of said bill states:

"13. That on or about the 11th day of November, 1928, the said Frank E. DeLong dedicated and donated the said

property to the public for use as a community center and named it the Jane E. DeLong Memorial."

The fifteenth paragraph of said bill states:

"15. That on or about the 11th day of November, 1928, the said Frank E. DeLong, in a public meeting held in the said Jane E. DeLong Memorial building, formally offered and presented said premises to the people of the Borough of Washingtonville for use as a Community Center."

The sixteenth paragraph of said bill states:

"16. That the said offer and presentation was accepted by the Jane E. DeLong Memorial Community Hall Association, in behalf of the public, and by the public itself through immediate and continuous use of said property as a Community Center."

It is further recited in said bill of complaint that immediately thereafter the Jane E. DeLong Memorial Community Hall Association was organized at the request of Frank E. DeLong, and that the governing board of said association was selected by him from the residents of the Borough of Washingtonville, and that since said date the association has had full control and management of the property.

Following the dedication and acceptance exercises the community, through the influence of Frank E. DeLong, organized the Montour-DeLong Community Fair Association which has a life membership of over 400 and of which association Frank E. DeLong was a life member. The association took possession of the property and spent considerable money on its improvement, installed a water system, lighting system, and fitted the building to meet the purposes for which it was given; built additional buildings thereon and greatly increased the value of the property. Since the date of dedication the property has been used by the community in holding Thanksgiving and Christmas exercises, other religious services, Red Cross, farm conservation, economics meetings, church conferences, plays, entertainments, and other community

activities for the promotion and welfare of moral, religious, educational, and recreational life of the youth and general public of the community—all of which was done by the citizens of the community who relied upon the good faith and intention of Frank E. DeLong and with his assent, knowledge, and approval.

Frank E. DeLong died on February 15, 1939, insolvent, and the First National Bank of Danville was duly qualified as his executor. The other assets of the Frank E. DeLong estate have been disposed of, leaving certain claims against his estate unpaid. Two of the claimants, the Girard Trust Company of Philadelphia, trustee, and the Philadelphia National Bank, have instituted suit against the estate and are demanding that the executor proceed to sell this aforementioned property, and also threaten to secure judgment upon their claims and sell the said property by execution process in order to recover their claims. To prevent either of these proceedings, a bill in equity to no. 1, December term, 1940, in the Common Pleas Court of Montour County, by the Jane E. De Long Memorial Community Hall Association, the School District of the Borough of Washingtonville, the School District of Derry Township, and Howard A. Geiger, a taxpayer, all of Montour County, Pa., has been filed praying for an order enjoining the First National Bank of Danville and the Girard Trust Company, trustee, and the Philadelphia National Bank, claimants, from in any manner levying upon, selling, offering for sale, or petitioning for sale as part of the estate of Frank E. DeLong, deceased, the whole or any part of said property described in said bill, and also that said parties, their agents, servants, and employes be enjoined from interfering with the title to or interest in or use of said property.

To this bill in equity the First National Bank of Danville, as executor of the estate of Frank E. DeLong, deceased, the Girard Trust Company, trustee, and the Philadelphia National Bank have filed preliminary objections. The objections allege that plaintiffs in said bill have

no right to maintain their bill of complaint, first because of the Act of April 22, 1856, P. L. 532, and, second, because of the Act of April 26, 1855, P. L. 328, and that the dedication of the property by Mr. DeLong is null and void.

Section 11 of the Act of 1855 provides:

"That no estate, real or personal, shall hereafter be bequeathed, devised, or conveyed to any body politic, or to any person in trust for religious or charitable uses, except the same be done by deed or will, attested by two credible, and, at the time, disinterested witnesses, at least one calendar month before the decease of the testator or alienor; and all dispositions of property contrary hereto, shall be void and go to the residuary legatee or devisee, next of kin, or heirs, according to law . . ."

The Act of June 7, 1911, P. L. 702, amending the foregoing section, simply defines the kind of witness.

The fourth section of the Act of 1856, supra, provides:

"That all declarations or creations of trusts or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void . . ."

Does either of these acts apply to the facts in this case? Under the general Wills Act of April 8, 1833, P. L. 249, a person could will his property to charitable or religious purpose without witnesses to the execution of the will; then the Act of 1855 required that the execution of such a will must be witnessed by two credible, and at the time disinterested, witnesses, and at least one month before the decease of the testator.

As was said by Chief Justice Mitchell in Paxson's Estate, 221 Pa. 98, on page 111:

"The purpose of this act is plain. It was to make reasonably sure that testamentary gifts to religion or charity were the result of deliberate intent of the testator, and were not coerced from him while in weakened physical condition under the influence of the doubts and terrors of impending death."

As we view it, both of these acts were passed for the protection of individuals from becoming the victims of designing and unscrupulous persons upon the fear or approach of death.

Plaintiffs do not claim title to this property by any of the methods mentioned in the acts referred to, but by a method that has been in existence in this State from the very beginning of our existence: by dedication.

As early as 1681, when William Penn laid out the City of Philadelphia, certain squares of land were designated as public parks, for the benefit of the public. In 1741 his son, Thomas Penn, undertook to sell a part of one of these squares or parks, claiming title through his father, and Justice Sergeant of the Supreme Court said that the act of Thomas Penn in undertaking to sell a part of this park was without authority and passed no title whatever to the grantee. He further stated:

"The original dedication was a grant of the most solemn and indelible character, and could receive no confirmation from any subsequent act of the proprietary or his agents." See Commonwealth v. Alburger et al., 1 Whart. 469, 480.

"Dedication is the intentional appropriation of land by the owner to some proper public use": 16 Am. Jur. 348.

"Dedication is the joint effect of the offer of the owner to dedicate land and acceptance of such land by the public. Two parties are necessary, the owner on one side and the public on the other; there can be no dedication without the participation of both": Trustees of the Philadelphia Museums v. Trustees of the University of Pa., 251 Pa. 125, 132.

"But it is agreed, without a dissent, that an owner may dedicate his ground to public use by any act which sufficiently evinces his will, without a previous adverse user, which is evidence, but not exclusively so, of a grant; and that he may restrict the enjoyment to particular seasons, seems also to be agreed": Gowen v. The Philadelphia Exchange Co., 5 W. & S. 141, 142.

It is true that some of the authorities heretofore cited were before the passage of the Acts of 1855 and 1856; but the same doctrine of dedication has been upheld since their passage, and the reason for it is well stated in 16 Am. Jur. sec. 18, as follows:

"The statute of frauds does not apply to the dedication of land to the public, for although a dedication is in one sense a conveyance, it is not within the mischiefs at which the statute of frauds was aimed. It is a gift publicly made with tender of possession and publicly accepted, is as free from a likelihood of being affected by frauds and perjuries as almost any supposable case, and is as well made out by oral declarations as by any formal conveyance."

In Goddard on Easements (3rd ed.), p. 182, it is said:

"The intention to dedicate, however, ought to be *clearly manifest*, in order to deprive a landowner of his own property."

And in this case it cannot be said that an "intention" is not manifest, for we think that intention is plainly expressed and evidenced by the bronze tablet placed upon the wall of the building, and fully corroborated by the statements in the deed to Frank E. DeLong and the public declarations made by him on November 11, 1928, when the dedicatory exercises were held upon the premises.

In Griffin's Appeal, 109 Pa. 150, at page 155, Justice Green said:

"Dedication is a matter of intention, and when clearly proved is as complete in one day as in twenty-one years."

On November 11, 1928, when the exercises were held whereby Frank E. DeLong donated the property to the community, it was publicly accepted and the public took possession of the property.

In the case of Spring v. Pittsburg, 204 Pa. 530, at page 533, Mr. Justice Potter said:

"The dedication was completed when it was accepted upon behalf of the public by the city councils. No particular formality is required to constitute a dedication. Any act or declaration which clearly expresses an intent

to dedicate, will amount to a dedication if accepted by or on behalf of the public."

The gift of this property to the Borough of Washingtonville and outlying community in our opinion is a legitimate object of dedication. What nobler gift could any man make to this community? The people of that community relied upon the good intention and good faith of one of their former citizens. He had the welfare of the community, especially the youth of the community, at heart and he wanted to do something to promote their welfare. The public took him at his word, considered the property vested in the community for the benefit of the public. They took possession of the property, improved it, and made it their pride. They spent their money on its improvements, so that its very purpose could be fully enjoyed. Should they now lose all: money, effort, labor, and enjoyment? Should the Frank E. DeLong estate now profit at the sacrifice of the community? Surely that would be a perfect fraud practiced upon this community. We do not believe that any court would lend its aid in such a transaction. It would be most unreasonable and unjust.

In the bronze tablet on the wall of the building, placed there by Frank E. DeLong, among other things, it is said:

". . . donated and dedicated it to the Borough of Washingtonville, for the purpose of providing opportunities and facilities for the moral and recreational welfare of the young people of the Borough and outlying community. This Institution is a memorial to his Mother, Jane Emerson DeLong."

As early as 1848 in Beaver v. Filson, 8 Pa. 327, on page 335, it is said:

"In Pennsylvania, religious and charitable institutions have always been favoured, without respect to forms."

We are, therefore, of the opinion that this case is not controlled by either the Act of 1855 or the Act of 1856, supra, and that those acts are not applicable. The pre-

liminary objections to the bill of complaint, filed by the First National Bank of Danville as executor of Frank E. DeLong, deceased, and the Girard Trust Company, trustee, and the Philadelphia National Bank, creditors of said estate, are overruled and dismissed.

NOTE.—A substantially similar opinion was rendered by the court contemporaneously with the foregoing opinion in a substantially similar case, involving a vocational school erected by Mr. DeLong and dedicated to the public for school purposes.